UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| RICHARD WAYNE WHITHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0055-CVE-FHM |
| | ) | |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand (Dkt. # 9). Plaintiff argues that the case should be remanded to state court, because he notified defense counsel after the case was removed that he was seeking only the insurance policy limits of $50,000. Dkt. # 10, at 4. Defendant responds that federal subject matter jurisdiction existed when the notice of removal was filed, and diversity jurisdiction cannot be defeated by a plaintiff's post-removal attempt to reduce the amount in controversy.

On January 7, 2019, plaintiff filed this case in Tulsa County District Court, alleging that defendant Progressive Northern Insurance Company (Progressive) breached an insurance contract by failing to pay his claim for underinsured motorist benefits. Dkt. # 2-2. Plaintiff claims that he was injured in an automobile accident and the driver who caused the accident was underinsured. Id. at 3. Plaintiff asserts that he is entitled to underinsured motorist benefits from Progressive and he seeks damages in excess of $75,000. Id. Progressive removed the case to this Court on the basis of diversity jurisdiction. Progressive states that it is a Wisconsin corporation with its principal place of business in Ohio, and plaintiff is a citizen of Oklahoma. Progressive relies on plaintiff's petition

in which he seeks damages in excess of $75,000 to establish that the amount in controversy exceeds the jurisdictional threshold. Five days after the case was removed to this Court, plaintiff's counsel sent a letter to Progressive stating that he would not be seeking any amounts in excess of the policy limits of $50,000, and he asked Progressive to withdraw its notice of removal. Dkt. # 10, at 4. Plaintiff has since filed a motion to remand (Dkt. # 8) on the ground that this Court lacks subject matter jurisdiction over this case.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008). Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively

apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

The law is clearly established that a plaintiff may not defeat removal based on diversity of citizenship by reducing the amount in controversy after removal. The Supreme Court has stated that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing"); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000) (holding that a plaintiff's post-removal stipulation reducing the amount in controversy did not require remand). This Court has previously denied motions to remand when diversity jurisdiction existed at the time of removal but the plaintiff attempted to defeat diversity jurisdiction after removal by reducing the amount in controversy. Russell v. GEICO General Ins. Co., 2015 WL 13427604 (N.D. Okla. July 22, 2015); Lindley v. Life Investors Ins. Co. of America, 2008 WL 4525423 (N.D. Okla. Oct. 2, 2008).

The Court finds that plaintiff's motion to remand should be denied, because the case was properly removed on the basis of diversity jurisdiction. A post-removal disclaimer that a plaintiff is seeking less than $75,000 does not require a district court to remand a case to state court and such a disclaimer has no bearing on the existence of subject matter jurisdiction at the time of removal. Hunt v. DaVita, Inc., 680 F.3d 775, 777-78 (7th Cir. 2012). This rule prevents forum manipulation

---

[1] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

by plaintiffs and it allows district courts to make a straightforward determination of subject matter jurisdiction at the time of removal. Rogers, 230 F.3d at 872. In this case, plaintiff's state court petition expressly demands damages in excess of $75,000 and, although he may now regret that allegation, it is clear that the case was properly removed based on the amount in controversy alleged in the petition. See Rackhouse Pub, LLC v. Proximo Spirits, Inc., 2013 WL 5609347 (D. Colo. Oct. 11, 2013). The notice of removal establishes that the parties are completely diverse and Progressive could rely on plaintiff's allegation that he was seeking in excess of $75,000 to establish the amount in controversy. Plaintiff's post-removal attempt to reduce the amount in controversy has no effect on the propriety of removal, and the case should not be remanded to state court.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Dkt. # 9) is **denied**.

**DATED** this 6th day of March, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE